**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SEAN McPHERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-3496 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES, LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| TRANSUNION LLC, and | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Anthony Borrelli ("Plaintiff"), by and through counsel, for his Complaint against

Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union

LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, states as follows:

### I.   INTRODUCTION

1.      Three of the Defendants are consumer reporting agencies ("CRAs") as defined by 15

U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage, LLC, is a furnisher of consumer

information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit

Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and

punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2.      Plaintiff, Sean McPherson, is a natural person residing in Lee County, Florida.  He is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and a victim of repeated false credit reporting.

Made Defendants herein are:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to

third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.       Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.       Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.       As used herein, "consumer reporting agency," or "CRA," means any person that, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers

for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III.  JURISDICTION AND VENUE

8.      This Honorable Court has jurisdiction in this case which arises under federal law—28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).  Further, the amount in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. *See* 28 U.S.C. § 1332.  Plaintiff also asserts causes of action under state law which may be brought within the  supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District because the CRA Defendants and Nationstar transact business in this District. Nationstar is headquartered in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

10.      Venue is further proper in this District because the CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher

Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

11.     In November 2002, Plaintiff secured a mortgage for his home at 19126 Birch Road, Fort Meyers, Florida with Seterus, Inc. (hereafter the "mortgage account").

12.     The mortgage account was assigned or otherwise transferred to Defendant Nationstar in March 2019 (hereafter the "Nationstar mortgage").

13.     For the past four years, Plaintiff has made timely monthly payments on the mortgage account.

14.     In June 2020, Plaintiff requested and received a copy of his credit report assembled, evaluated, and disbursed by Equifax and noticed that his Nationstar mortgage account was reporting inaccurately. Plaintiff's Equifax Credit Report is attached as Exhibit A.

15.     Plaintiff noticed that within his Equifax credit report, the Nationstar mortgage tradeline was reporting 30-59 days late in the month of July 2019.

16.     This was inaccurate because Plaintiff's July 2019 payment was timely submitted. *See* Exhibit B, Pl's Payment History.

17.     In June 2020, Plaintiff also requested and received a copy of his credit report assembled, evaluated, and disbursed by Experian and noticed that his Nationstar mortgage account was reporting inaccurately.  Plaintiff's Experian Credit Report is attached as Exhibit C.

18.     Plaintiff noticed that within his Experian credit report, the Nationstar mortgage tradeline was reporting 30 days late in the month of July 2019.

19.    This was inaccurate because Plaintiff's July 2019 payment was timely submitted. *See* Exhibit B, Pl's Payment History.

20.    In June 2020, Plaintiff also requested and received a copy of his credit report assembled, evaluated, and disbursed by TransUnion and noticed that his Nationstar mortgage account was reporting inaccurately.  Plaintiff's TransUnion Credit Report is attached as Exhibit D.

21.    Plaintiff noticed that within his TransUnion credit report, the Nationstar mortgage tradeline was reporting 30-59 days late in the month of July 2019.

22.    This was inaccurate because Plaintiff's July 2019 payment was timely submitted. *See* Exhibit B, Pl's Payment History.

23.    In June 2020, Plaintiff also requested and received a copy of his credit report assembled, evaluated, and disbursed by Innovis and noticed that his Nationstar mortgage account was reporting inaccurately.

24.    Plaintiff noticed that within his Innovis credit report, the Nationstar mortgage tradeline was reporting 30 days late in the month of July 2019.

25.    This was inaccurate because Plaintiff's July 2019 payment was timely submitted. *See* Exhibit B, Pl's Payment History.

26.    On or about July 15, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account with Equifax, Experian, TransUnion (the "CRA Defendants") and Innovis directly. Plaintiff requested that under the FCRA, the CRA Defendants and Innovis conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account.

27.    Attached to his dispute letters, Plaintiff included a copy of his payment history.

Copies of the dispute letters to Equifax, Experian, and TransUnion are attached hereto as Exhibits E, F, & G, respectively.

28.     Equifax responded to Plaintiff's July 15, 2020 dispute letter on August 5, 2020. Equifax's response is attached hereto as Exhibit H.  In its response letter, Equifax informed Plaintiff that his credit report had been updated but continued to report a 30 day late payment for July 2019 on the Nationstar mortgage tradeline.

29.     Equifax's response was inappropriate and inaccurate because Plaintiff made a timely payment on the Nationstar mortgage in July 2019 and provided proof of the same to Experian.

30.     Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and Equifax failed to remedy the inaccuracies within the Nationstar tradeline.

31.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

32.     Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

33.     In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

34.     In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

35.     Experian responded to Plaintiff's July 15, 2020 dispute on or about August 4, 2020. Experian's response is attached hereto as Exhibit I.  In its response letter, Experian informed Plaintiff that his credit report had been updated but continued to report a 30 day late payment for July 2019 on the Nationstar mortgage tradeline.

36.     Experian's response was inappropriate and inaccurate because Plaintiff made a timely payment on the Nationstar mortgage in July 2019 and provided proof of the same to Experian.

37.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

38.     Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

39.     In the alternative, Experian failed to contact Nationstar, therefore, failed to perform any investigation at all.

40.     In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

41.     TransUnion responded to Plaintiff's July 15, 2020 dispute on or about August 5, 2020. TransUnion's response is attached hereto as Exhibit J.  In its response letter, TransUnion failed  to mark his July 2019 payment as timely.

42.     TransUnion's response was inappropriate and inaccurate because Plaintiff made a

timely payment on the Nationstar mortgage in July 2019 and provided proof of the same to TransUnion.

43.     TransUnion failed to correct the inaccurate information, and inappropriately deleted rather than modify Plaintiff's Nationstar mortgage accounts.

44.     TransUnion's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline.

45.     TransUnion chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

46.     Upon the Plaintiff's request to TransUnion for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

47.     In the alternative, TransUnion failed to contact Nationstar, therefore, failed to perform any investigation at all.

48.     In the alternative to the allegation that TransUnion failed to contact Nationstar, it is alleged that TransUnion did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

49.     Innovis responded to Plaintiff's July 15, 2020 dispute letters on August 11, 2020.

50.     In response to Plaintiff's dispute letter, Innovis appropriately modified Plaintiff's Nationstar mortgage tradeline to reflect a timely payment in July 2019.

51.     After the CRA Defendants notified Nationstar of the disputed tradeline involving the

Nationstar mortgage account, Nationstar failed to correct any of the information.  Nationstar failed to conduct a lawful reinvestigation and inappropriately ordered the CRA Defendants to delete Plaintiff's mortgage account tradeline.

52.     On or about July 15, 2020, Plaintiff disputed the reporting of the Nationstar mortgage account directly with Nationstar.  Plaintiff's dispute letter to Nationstar is attached as Exhibit K. Plaintiff requested that Defendant Nationstar conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account.

53.     Nationstar responded to Plaintiff by letters dated July 27, 2020 and August 17, 2020. Nationstar's July 27, 2020 letter informed Plaintiff that his inquiry would be responded to within 30 days.  Nationstar's August 17, 2020 letter informed Plaintiff that research related to his inquiry would exceed 30 business days.

54.     Nationstar's lack of substantive response is inappropriate. Plaintiff submitted a clear dispute concerning his July 2019 payment timeliness and provided all identifying information necessary for Nationstar to locate his account.  Further, Plaintiff attached a copy of his payment history which unambiguously shows a timely July 2019 mortgage payment.

55.     Accordingly, Nationstar failed to conduct a lawful reinvestigation and/or inappropriately ordered the CRA Defendants to continue reporting Plaintiff's mortgage account tradeline at least 30 days late in July 2019.

### V.  GROUNDS FOR RELIEF

#### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
#### (15 U.S.C. § 1681e(b))

56.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

57.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

58.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

59.     Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

60.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

61.     After Equifax knew or should have known Plaintiff's payment history was inaccurate, it failed to make the corrections.

62.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

64.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

65.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

66.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

67.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

68.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

69.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA

**(15 U.S.C. § 1681e(b))**

70.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

71.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

72.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

73.     Experian knew or should have known of Plaintiff's account status and payment history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

74.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

75.     After Experian knew or should have known Plaintiff's payment history was inaccurate, it failed to make the corrections.

76.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

77.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In

the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

78.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

79.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

80.    Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

81.    As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

82.    Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

84.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

85.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

86.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

87.     Trans Union knew or should have known of Plaintiff's account status and payment history, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

88.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

89.     After Trans Union knew or should have known Plaintiff's payment history was inaccurate, it failed to make the corrections.

90.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

91.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the

alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

92.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

93.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

94.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

95.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

96.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

97.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681s-2(b))**

98.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

99.     Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

100.     Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

101.     As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

102.     Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA

103.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

104.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

105.    Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

106.    Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

107.    Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

108.    Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

109.    Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

110.    Plaintiff will demonstrate, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions

under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

111.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of fact, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

112.    Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

113.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

114.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

115.    Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

116.    Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

117.    Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost

economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiff prays that this Honorable Court:

A.      Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union LLC and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.      Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.      Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.      Order that the CRA Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union LLC and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

    E.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

DATE: November 25, 2020          Respectfully submitted,

                    */s/ Matthew P. Forsberg*
                    Matthew P. Forsberg
                    MN State Bar Number 0400067
                    Matt@FieldsLaw.com
                    FIELDS LAW FIRM
                    9999 Wayzata Blvd.
                    Minnetonka, Minnesota 55305
                    (612) 383-1868 (telephone)
                    (612) 370-4256 (fax)

                    **LAW OFFICE OF JONATHAN A. HEEPS**

                    */s/ Jonathan A. Heeps*      .
                    Jonathan A. Heeps
                    State Bar No. 24074387
                    LAW OFFICE OF JONATHAN A. HEEPS
                    Post Office Box 174372
                    Arlington, Texas 76003
                    Telephone (682) 738-6415
                    Fax (844) 738-6416
                    jaheeps@heepslaw.com

                    COUNSEL FOR PLAINTIFF

## JURY DEMAND

    Plaintiff hereby demands a trial by jury on all issues so triable.

DATE: November 25, 2020          */s/ Matthew P. Forsberg*
                    Matthew P. Forsberg